IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHARI BEA,

    Plaintiff,

  vs.

MONACO COACH CORPORATION,
a Delaware corporation,

    Defendant.

Civil No. 03-1430-AA
OPINION AND ORDER

---

David H. Griggs
Dolan Griggs LLP
1130 SW Morrison Street, Suite 630
Portland, Oregon 97205
    Attorney for plaintiff

William H. Martin
Laura T.Z. Montgomery
Gleaves Swearingen Potter & Scott LLP
975 Oak Street, Suite 800
PO Box 1147
Eugene, Oregon 97440
    Attorneys for defendant

AIKEN, Judge:

    Defendant filed a motion for partial summary judgment. That

motion is granted in part and denied in part.

BACKGROUND

From August 12, 1997, to March 4, 2003, plaintiff worked as a Purchasing Agent for defendants in its Springfield, Oregon facility. Defendant is engaged in the business of manufacturing recreational vehicles and motorhomes. On February 24, 2003, defendant told plaintiff that she must either accept a position at defendant's Coburg location, or be terminated. On February 25, 2003, plaintiff alleges that she was experiencing extreme physical and emotional distress due to the ultimatum presented by defendant. She went to see her medical provider who wrote plaintiff a note which stated that because plaintiff was suffering from Post Traumatic Stress Disorder (PTSD) she would be unable to work at the Coburg location, and that plaintiff would be re-evaluated in six months. Plaintiff faxed this note to the defendant the same afternoon. On February 28, 2003, plaintiff met with defendant's Human Resources manager, Deanna Ota, to discuss the medical provider's note.

On March 4, 2003, defendant terminated plaintiff. On this date, Ota again asked plaintiff is she was planning to accept the Coburg position. Plaintiff informed her that she could not due to her PTSD. Ota handed plaintiff her final check and vacation pay, and instructed plaintiff to return to her office to collect her belongings.

Plaintiff brings six claims for relief against the defendant. Plaintiff's first claim alleges a violation of Title VII, 42 U.S.C. § 2000 et seq. (sex discrimination); plaintiff's second claim is an Oregon common law claim for sex discrimination, Or. Rev. Stat. 659A.030(1)(b); plaintiff's third and fourth claims allege violations of the federal and state Equal Pay Act, 29 U.S.C. § 206(d) and Or. Rev. Stat. § 652.220; plaintiff's fifth claim alleges a state law claim for retaliation for filing a BOLI complaint, Or. Rev. Stat. § 659A.230; and finally, plaintiff's sixth claim for relief alleges a state law claim for employment discrimination against a disabled person, Or. Rev. Stat. § 659A.112.

Defendant moves for partial summary judgment against three of plaintiff's six claims. Defendant moves against: plaintiff's third and fourth claims (Equal Pay Act) and plaintiff's sixth claim for relief (state law claim for discrimination against a disabled person).

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©). Substantive law on an issue determines the materiality of

a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

## DISCUSSION

### 1. Plaintiff's Third and Fourth Claims for Relief

Plaintiff's third and fourth claims for relief allege violations against the Equal Pay Act (29 U.S.C. § 206(d) and Or. Rev. Stat. § 652.220). The court notes that the Oregon statute and federal statute are construed substantially the same. Smith

v. Bull Run School Dist. N. 45, 80 Or. App. 226, 722 P.2d 27, 29, rev. denied, 302 Or. 86, 726 P.2d 1185 (1986).

To prove a violation of the Equal Pay Act, the plaintiff must make a prima facie showing that her employer pays men more for substantially equal work. Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974). This burden requires the plaintiff to show that the jobs of the disparately paid employees are equal in skill, effort and responsibility, and are performed under similar working conditions. Id.

Plaintiff contends that she worked as a purchasing agent for the defendant for over six years, and that in addition to her duties as a purchasing agent she took on many other duties. The defendant acknowledges that plaintiff performed a job requiring the same skills, effort and responsibilities as another, higher paid, male employee. Plaintiff was paid approximately $60.00 per week less than her male comparitor, John "Wally" Chester.

Assuming that plaintiff has established a prima facie case, the burden then shifts to the defendant to prove an affirmative defense that the pay differential is justified under one of the four exceptions set forth in the statute: (1) seniority system; (2) merit system; (3) a system which measures earing by quantity or quality of production; or (4) a differential based on any other factor other than sex. Id.; 29 U.S.C. § 206(d)(1). Once the employer establishes one of the affirmative defenses, the

plaintiff may rebut the defense by showing that the employer intended to discriminate, and that the affirmative defense is a pretext for discrimination.  The inquiry is "whether the employer has use[d] the factor reasonably in light of the employer's stated purpose as well as its other practices."  <u>Maxwell v. City of Tucson</u>, 803 F.2d 444, 446 (9th Cir. 1986).

The defendant asserts that while the "basic skills" for both plaintiff and Chester to perform their respective purchasing jobs were "comparable," Chester had been a purchasing agent for approximately two years longer than plaintiff, and his accounts were "significantly more difficult to manage and required much more work than plaintiff's, thus justifying [Chester's] slightly higher salary."  Defendant appears to be arguing that even assuming plaintiff states a prima facie case, defendant has successfully rebutted it by showing that the disparity in pay is based on a merit system and/or a system that measures earnings by quantity or quality of production.

Plaintiff contends, however, that of the eight higher paid male employees performing substantially the same work, plaintiff had more experience as a purchasing agent and an earlier hire date than six of those individuals. Regarding defendant's assertion that the number of vendors managed by a particular purchasing agent is a predictor of wages, plaintiff relies on a graph plotting wage against number of vendors to show no

Page 6 - OPINION AND ORDER

correlation between those two numbers. Moreover, aside from defendant's assertion that higher wages are based, in part, on the "complexity of cases" carried by the higher paid male comparitors, defendant produces no evidence to support this assertion.

Finally, I agree with plaintiff's assertion that defendant's reliance on <u>Stanley v. University of Southern California</u>, 178 F.3d 1069 (9th Cir. 1999), is misplaced. <u>Stanley</u> involved a comparitor who had fourteen additional years of relevant experience, had published books in the field at issue, and had been an Olympic coach in the field at issue. I find no evidence in this record supporting the same degree of disparity of experience between plaintiff and her comparitor.

Considering the evidence in the light most favorable to plaintiff, I find disputed issues of material fact surrounding plaintiff's Equal Pay Act claims. Therefore, defendant's motion for partial summary judgment on plaintiff's Equal Pay Act claims is denied.

### 2. Plaintiff's Sixth Claim for Relief

Plaintiff's sixth claim for relief alleges a violation of state law for discrimination against a disabled person. Or. Rev. Stat. § 659A.112. The standard for establishing a prima facie case of discrimination under Oregon law is identical to the standard under federal law. Or. Rev. Stat. § 659A.139. A prima

facie case of discrimination under the American Disabilities Act (ADA) is established by showing that plaintiff: (1) is a qualified person with a disability; (2) she has suffered an adverse employment action; and (3) suffered the adverse employment action due to her disability. Hutton v. Elf Atochem North American, Inc., 273 F.3d 884, 891 (9th Cir. 2001).

Under Oregon law, a "disabled person" is defined as a person who: (1) has a physical or mental impairment which substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. Or. Rev. Stat. § 659A.100(1)(a). There is no dispute that PTSD is considered a mental impairment which can significantly limit a major life activity under both the ADA and Oregon law. An individual is substantially limited in a major life activity if the impairment significantly limits the conditions under which the individual can perform a major life activity as compared to the conditions under which the average person can perform the same activity. Or. Rev. Stat. § 659A.100. Employment is a major life activity. Or. Rev. Stat. § 659A.100(2)(a).

Plaintiff asserts that a disputed issue of fact exists as to whether plaintiff is disabled under Oregon law. Plaintiff asserts that she suffers from PTSD, depression, and anxiety. Plaintiff saw a psychologist for her condition beginning in 2000

and provided those records to Deanna Ota. Plaintiff's medical records state that plaintiff suffers from suicidal ideation, panic attacks, she withdrew from family and friends, avoided crowds, cloistered herself in her home, and found herself irrationally avoiding driving to one side of town. Plaintiff continues to take medication for her anxiety. Plaintiff's primary care provider stated in a note to plaintiff's employer that due to complicating factors associated with plaintiff's PTSD, plaintiff would not be able to move to the Coburg location because the seclusion of her current location allowed her to control her panic while she sought out intensive counseling and medication. The presence of plaintiff's ex-husband's new wife at the new location further exasperated her PTSD. Plaintiff argues that the disability at issue is PTSD and the accommodation at issue is her request not to move to the new location. Plaintiff asserts that the evidence raises a material issue of disputed fact as to whether plaintiff's PTSD significantly limits the conditions under which she can work as compared to the average individual.

Even if this court assumes that plaintiff is a "qualified person with a disability," defendant argues that plaintiff cannot show that she suffered an adverse employment action because of her disability. Plaintiff bears the burden of showing that defendant's reason for termination was pretextual. Snead v.

Metropolitan Property & Casualty Ins. Co., 237 F.3d 1080, 1093 (9th Cir. 2001). Unless plaintiff can show that defendant's explanation for plaintiff's alleged discharge was a pretext for disability discrimination, she has presented no triable issues.

Defendant alleges that in conjunction with a reduction in force, it made a business decision to consolidate some positions. This included consolidating plaintiff's position with that of another retiring purchasing agent and simultaneously relocating all purchasing agents to the Coburg campus. Plaintiff testified in her deposition: "They wanted to consolidate all of purchasing under one roof and Art wanted to bring all purchasing agents into the Coburg facilities." Bea Dep., p. 95. Later, plaintiff again testified, "I understood they were consolidating purchasing under one roof. I did understand that." Id. at p. 126. Plaintiff, however, argues that she offered to "split time" between the two locations (Springfield and Coburg), and asserts that "even though there was still a position for a purchasing agent available in Springfield, Defendant insisted on making [plaintiff] relocate to Coburg even though its managers were fully aware that was the location where her ex-husband and the woman with whom he had an affair worked, the trauma of which was one source of her PTSD[.]" Plaintiff argues that this evidence raises a material issue of fact as to whether defendant was creating a pretextual reason to fire plaintiff because of her disability.

Page 10 - OPINION AND ORDER

I disagree and find no evidence of pretext by the defendant. I find no evidence to support plaintiff's assertion that "there was still a position for a Purchasing Agent available in Springfield." Plaintiff's Memo in Opposition, p. 6. Conversely, I do find support in the record for defendant's assertion that after defendant consolidated all of its purchasing agents and moved them all to Coburg, no purchasing agent positions remained available in Springfield. Affidavit of Art Deeds, ¶¶ 5, 14.

Plaintiff asserts that although she was not allowed to split time between the Springfield and Coburg plants, her replacement, John Conway, "now spends approximately half of his time at each location." Plaintiff's Memo in Opposition, p. 6. The record reflects that when Conway first replaced plaintiff, he spent only 5-6 hours per week at the Springfield plant, however, due to increased production that did not exist at the time of the reduction in force and consolidation of positions, Conway now spends 16-20 hours per week at the Springfield plant. Deeds Dep., p. 50-51.

I find that defendant's reasons for requiring plaintiff to relocate to Coburg were legitimate and nondiscriminatory specifically due to job consolidation in connection with a reduction in force. Plaintiff has failed to provide sufficient evidence to support a finding of pretext, therefore I find no triable issues as to plaintiff's claim for disability

discrimination.  Defendant's motion for partial summary judgment is granted as to plaintiff's claim under Or. Rev. Stat. § 659A.100.

## CONCLUSION

Defendant's motion for partial summary judgment (doc. 42) is granted in part and denied in part as follows:  defendant's motion for partial summary judgment as to plaintiff's claims under the Equal Pay Act (claims 3 and 4) is denied; defendant's motion for partial summary judgment as to plaintiff's claim for disability pursuant to Or. Rev. Stat. § 659A.100 (claim 6) is granted.  Further, defendant's motion to strike (doc. 58) is denied.  Finally, the parties' request for oral argument is denied as unnecessary.

The court will contact the parties to schedule a telephone status conference to set a trial date in this case.

IT IS SO ORDERED.

Dated this  22   day of April 2005.

                                        /s/ Ann Aiken
                                            Ann Aiken
                              United States District Judge